Good morning. Welcome to the United States Court of Appeals for the Third Circuit. We're glad you're here with us today. Our first case of the day is United States v. Cornelius Green No. 23-2476. And we'll hear from the appellant first. May it please the Court. Jason Ullman on behalf of Mr. Cornelius Green. May I reserve three minutes for rebuttal? That'll be granted. Thank you, Your Honor. Green's defense in this kidnapping case is that no kidnapping occurred. His co-defendant Murphy, his defense was that a kidnapping did occur. Green did it. And for all intents and purposes, I was kidnapped too. I do not understand how a jury could reasonably construct a sequence of events that accommodates the essence of both of those defenses. And that's the heart of the problem at this case. I'll step back and talk about the analysis that the court takes in this circumstance. It's a two-part test. The first is, was there an abuse of discretion? And that analysis looks at the state of the record at the time. We decided to void case and it seems like that's sort of, or we haven't talked about this too much, have we, in our published opinions? I agree with that, Your Honor. I think the most recent and most compelling discussion was in U.S. v. Blunt and Hall, the co-defendant case where husband and wife were tried together. That's correct. The state of the record at the time that the motion was made is what dictates the abuse of discretion analysis. Yes. And at that time, at the last, you made, your client made a number of motions to sever. Correct. But at the last one, it was, as I remember, it was after Murphy's counsel stipulated that Murphy was not going to testify that Green in any way influenced him, that it was Wong who was, that Wong was the one that was controlling whatever this episode was. Isn't that accurate? Wasn't that the last motion to sever? That's an accurate statement of the record, Your Honor, but I believe that that was an abuse of discretion and that three separate abuses of discretion occurred in that ruling. How do you say that? If the district court, and you accurately said, it's a question of what the district court had in front of them. As well as what trial developments were reasonably foreseeable at that point in time. Okay. Correct. Explain that part, how that factors into the equation. Yes. So at that point in time, and remember, there are two other abuses of discretion that I do want to get back to at that point in time. But at that point in time, what the district court judge knows is that he's already heard the opening statement. Think about what Murphy's counsel says in the opening statement, the child locks are on. Snow will and will are in the backseat, then they get they they get out at gunpoint, that is in the opening statement. And then we move through as a trial progresses. The district court judge hears the testimony of snow will snow will says there's three people in the car. One of them has the gun, that's green. The only time green doesn't have the gun is when he sets it down to go inside into the wall. So we know that green has the gun, there's only three people the child locks are on. They're both in the backseat. And additionally, one is on the phone directing green that's from snow was testimony. Wong is on the phone directing green every step he takes. So I think that this hyper granular focus about did any, any threats or any coercion come from green that totally misses the context of the factual scenario here where green has the gun, and not because of who was the coercer, but just the fact that one person is saying there was no crime, and the other person is saying, essentially corroborating part of snow's testimony that there was in fact a kidnapping. That is that is correct that's an independent basis of why it is irreconcilable is that green. Green says there was no crime. Correct, Your Honor, and Murphy says there was a crime green did it. And I was one of the victims are those defenses mutually antagonistic. By the test that Voight articulates, yes, can a jury reasonably construct a sequence of events that accommodates the essence of both of those defenses. Green says no crime. Murphy says was a crime and green did it and I was a victim to, and the government even concedes in its rebuttal closing arguments that green says no crime, Murphy says there was a crime but I was justified. Obviously, both of those theories cannot exist, that's what the government said, and it's rebuttal closing. So I don't think that it's, I don't. I think it's pretty clear I think it's an abuse of discretion that the district court judge knew these two separate defenses were out there that happens at the close of the government's case in the ruling on the severance. And I think that's the clearest abuse of discretion here, but the judge, I think thought that it could be done that perhaps wasn't antagonistic that they were just two defenses. Is it possible that the jury could have accepted both perhaps and then I guess acquit both. I think that that's, I think that that's impossible for the jury to accept both of them I have not. I have not heard the government, the district court judge did not articulate what series of events would lead to that conclusion of accepting both the government has not articulated a series of events, and the government in rebuttal at in rebuttal closing in the trial itself, the trial lawyer for the government who was closest to the facts and knew the case the best said, I don't understand how these theories. Obviously both of these theories cannot be true judicial economy is one of the factors that district courts are away and weird away. Is our test antiquated. I don't think that the test is antiquated, particularly because of this court reapplied the test is recently as 2019 and us versus blunt and Hall, I guess I mean antiquated so much as a calendar basis but if you look at statistics if you look at as I remember it over a number of years, one of the motivating factors and looking at judicial economy was the impact on the courts, how the courts operated. At this stage, 2022 statistics show that only 2.3% of federal defendants went to trial in the federal courts. And the number of trials that are going on or fewer far between. I mean, would you argue that perhaps it's time for us to reassess our precedent as to how a district court looks at these motions. Perhaps your honor because I don't think it would have been taxing on the court to hold a separate trial, especially when it's clear that Murphy is saying that he was a kidnapping victim to in this particular incident. And indeed the court did hold a separate trial for the severed out defendant long. And I think that so the best way to get a separate trial would be to get a new attorney. It was very effective for Mr Wong. Unfortunately for Mr Green, and what happens at Mr Wong separate trial is very telling. I mean, Mr Murphy's testimony is is less damning of green out at one separate trial, he admits that someone offered him help at the wall so he did have an opportunity to escape. So, that really that is affirmative proof evidence that supports greens theory that there was no kidnapping, there was no unlawful taking and carrying away because they weren't unlawfully held they could have, they could have left and we're all conspiracy cases. And there's certainly when you have a conspiracy case, there's some additional factors to look at in making a determination on a severance. This case was not a conspiracy case was it correct your honor it is one discrete incident of kidnapping on July 22. Correct. Is there any argument that perhaps you would be, you would make that the absence of conspiracy charges would enable us to distinguish this case. Absolutely, your honor. What would that be. So that is, that is one. As your honor indicated the precedent that the government relied on, and that the district court relied on it involves conspiracy charges because this was one discrete incident that precedent is inapplicable and as we know in conspiracy cases, the amount of evidence that's relevant and admissible is much broader than in a discrete incident. So, evidence of co defendants, other bad acts is going to be admissible in a conspiracy charge but here, where it's just one discrete one discrete episode, the scope of evidence that is admissible as much smaller. I agree with your honor might ask you your position on the limiting instruction, was it inadequate. Why, and can you formulate what would have been an adequate limiting instruction if your position is that it was inadequate. Well, my first visit first level position your honor is that I don't think it's possible to formulate a limiting instruction in this circumstance, because of the way that the two defenses were antagonistic that green says didn't happen, Murphy says it did green did it, and I was a victim to, I think that it would be fair. I can't, I can't perceive of a limiting instruction that would cure that kind of prejudice here. So I struggled to find words to to articulate that that would accommodate the defense. That would cure the prejudice in this instance, we've talked about Voight and Zafiro but neither of them were mutually and antagonistic cases. What is your best case, and the one you would urge that we follow most most closely us versus blunt and haul that that is the most recent precedent. It's the most clear precedent, one of the co defendants in that case, testifies to a duress defense, and is this court correctly held both defendants should have received separate separate trials. Everything. Okay, thank you, Council, we'll get you, we'll get you on rebuttal. Thank you. Thanks. That's okay. Thank you. You may proceed. Good morning, Your Honor, Sean come on for the United States may please the court. Your Honors, the standard in this case on appeal is an abuse of discretion and in order to find an abuse of discretion this court would have to find the judge Mariani his decision in denying severance here was arbitrary fanciful clearly unreasonable that no reasonable person could have made the same decision. As Judge Fisher pointed out the last motion for severance was raised after the government was ready to rest, and the record before the court at that time, did not show any undue prejudice did not demonstrate that there was a manifestly unjust trial for Cornelius Can I just ask you, I want to touch on something your adversary brought up page 294 of the of the transcript, the summation. Mr. Green wants you to believe that the kidnapping didn't occur Mr. Mr. Brown, what Murphy's counsel wants you to believe that it did occur, and he was just as justified and so doing so. Obviously, both of those theories cannot be true. That's probably right. Didn't isn't that an admission as your, as your adversary points out that these defenses are mutually antagonistic. No, Your Honor, that is an argument on behalf of the government. In closing argument Greens counsel on appendix to 92 did not only argue that no kidnapping occurred. He argued that well, nobody that's credible has testified about what happened inside snow's aunt's house, maybe it was Murphy who had the gun pointed at snow, the only ones who have told you otherwise, were two people who are motivated to lie. The defense here was exactly the same defense as the co defendants in voice. Murphy said, I did not have the requisite intent, because of some other person's actions in this case, it was wrong. The intent is not really the issue. The problem is, even if you don't believe Murphy, that if you conclude he had the intent, you would still conclude there was in fact a kidnapping. Your Honor, if you credit everything that Murphy said, which green is asking this court to find that there are mutually antagonistic defenses because Murphy testified in such a way that it prejudice green unfairly, and that his trial was manifestly unjust. If you credit everything that Murphy said, you can find that the government failed to prove that Cornelius green intentionally kidnapped snow beyond a reasonable doubt. He testified Murphy at one point testified question isn't whether both could be acquitted under the case law, it seems to me the question is whether both defenses. If one could, could conclude that Murphy's defense is in fact a good defense, whether you could also conclude that greens defense. So it's not a question of whether or not you can acquit both it's a question of both defenses can stand. And you are whenever there are multiple defendants in a case who point the finger at each other, there are conflicting defenses. The question is not whether the defenses conflict, but whether there is no scenario where the jury can compartmentalize and give each defendant separate consideration and credit their defenses, both defenses, they, they would not need to, they could accept both defenses in this case because Murphy testified. First, there were facts that Murphy testified to that would support greens testimony or greens argument, I should say that there was no kidnapping Murphy testified. He didn't even know that they were kidnapping snow. He thought they were giving him a ride, one forced him to drive one put him in the car, but at one point he said green left the gun in the car when he went into Wawa. How could this be a kidnapping if the person holding the gun isn't even keeping the gun with him, leaves it in the car with the victim under the seat where the victim could access yeah but that was his testimony. Was it not, that was Murphy's testimony Murphy's testimony. Yes. Didn't that didn't emotions to sever precede that the motion to sever preceded the testimony but the testimony was consistent with his defense attorneys proffer of what his testimony would be Murphy at no time said that green forced him to do anything. He never said he was afraid of green if he didn't say that Murphy never said that he never said that but when the proffer was made as to what Murphy was going to say wasn't that antagonistic to what green was arguing that there was no kidnapping whatsoever. No, Your Honor, because what Murphy testified to was that he was forced to drive snow to his aunt's house forced forced by one, but Murphy green having the gun. Murphy or green was holding the gun, okay, which apparently was a gun that snow had brought to the clubhouse and green was also holding snow's cell phone. So the jury could have found that long had given green snow's effects, if they were driving him home to leave them there the only thing that was incriminating of green that Murphy testified about was green holding the gun on snow inside snow's answer. Let me ask another question, what's the harm here. What's the harm here in the district court saying, based on what I've heard. I'm going to grant a severance What is the harm, Your Honor, had the district court granted the severance that also would not have been an abuse of discretion. Okay, the harm here is mandating a severance in a case like this because that would mean that every case with multiple defendants, particularly where at least one testifies, you would be mandated to sever. And I know Your Honor is quoting statistics about the percentage of cases that go to trial but I can tell you that our district court dockets are clogged. And if we double and triple and quadruple the number of trials, because all multiple defendant trials have to be tried separately, then not only are we going against. I didn't say that. I don't think anybody's proposing all multi defendant trials be tried separately but where there are defenses that. It's hard to it's hard to look at these defenses, as they were before the district court and not see some antagonism. And since they come from different defendants. I think you have a pretty classic case of mutual antagonism. We don't have any cases that say what is mutual antagonism we throw that term out, but we don't have the cases that define what it is, we do Your Honor Voight says that mutually antagonistic defenses are defenses where one didn't wait wasn't mutually antagonistic Voight and Zafiro define mutually antagonistic defenses, as where one defendant. His claim of innocence is predicated upon the guilt of the other. That was not what the defense was here from Murphy Murphy claimed as in Voight as this court articulated Voight's co defendants defenses that Murphy's defense was that he lacked criminal intent. And this court said although it is fairly clear that these defenses by pointing the finger of blame at Voight increase the likelihood that Voight would be convicted, the Supreme Court has stated that this type of injury alone does not mandate severance Zafiro said that mutually antagonistic defenses, even where they exist are not prejudicial per se, and do not require severance. This is not a case where the jury could not compartmentalize this court has also said that we presume that juries follow the instructions that they were given in this court's opinion and Riley. This court said that the instructions that were given in this case are persuasive evidence that the defendant was not prejudiced. It is persuasive evidence here as well. I guess it seems to be a little bit. There seem to be distinguishing features such as typically finger pointing or in a conspiracy to judge Fisher's point. There's not a denial that an actual crime occurred, people acknowledge there was a crime they're simply saying I wasn't part of the agreement. That's one thing. And here it also seems like Murphy served as a corroborating witness to some extent to snow. Do you agree that if they were tried separately and and green were tried first that Murphy would have been unavailable, unless the government cut a deal with him or gave him immunity of some sort. Your Honor, if green had been tried first Murphy may have been unavailable but that is not the test, and the test is not whether green would have been more likely to be acquitted in a separate trial. The test is whether there was unfair prejudice and this court has said that, because I'm sorry the Supreme Court has said in zero that a defendant is not typically able to exclude competent admissible evidence, so they should not be allowed to exclude that evidence simply because it comes from a co defendant snow's testimony was corroborated, it was substantially corroborated there was a video from while while that showed green in the car. There was a photograph on Murphy's phone that would have been admissible without Murphy because it was found under a search warrant of follow up on that a little bit. You're sort of talking about prejudice. The Seventh Circuit has couched it maybe as also a harmlessness analysis on top of the prejudice, but the fact that there was other evidence supporting snow's testimony and corroborating, is there an element of harmlessness here. If the court wishes to articulated in terms of harmlessness, I would say yes. I think what's important is the test is whether the evidence that was admissible at the joint trial would have been inadmissible at the severed trial not unavailable, not different, but inadmissible nothing that was testified to at the joint trial here by Murphy or anyone else would have been inadmissible against green. So the test is really whether that evidence would have been inadmissible or whether exculpatory evidence that would have been admissible was inadmissible none of that is here, the green is identified no such evidence that would satisfy that test. I think your honors it is informative to look at blunt I think that we should look at the blunt and Hall case for a great example of what is not present in this case. This court did not reverse and mandate severed trials separate trials in blunt and Hall, because of a coercion or a duress defense. It did so because there was a specific trial right that was compromised by the joint trial. Those trial rights involved the spousal privilege, and the fact that evidence that was more prejudicial than probative came in against Hall, that would not have been admissible had he been tried separately the only reason that blunt was permitted to testify that he roughed her up and chipped her tooth and threatened that they would be killed if she didn't make that fraudulent phone call was because it was relevant to her defense. That was easily rule 403 more prejudicial than probative evidence that would not have come in against Holland a separate trial. They both could have taken advantage of a spousal privilege to keep certain evidence our halls trial and conviction was overturned and mandated to be separate because there was a specific trial right that was compromised by the joint trial that does not exist here. It had nothing to do with just because it was a duress defense or coercion defense. The reason that Hall was reversed was because evidence came in, that would have been inadmissible in a separate trial that helped to convict him. Oh, good. It seems to me that Murphy's testimony is substantively different as far as a jury's consideration. And I'm not talking about the actual content. But when Murphy is on trial and testifying and essentially corroborating snow and inculcating green. He's essentially making a statement against interest in the in acknowledging that there was a kidnapping. And that is in real time, known to the jury that it's a statement against interest. If, for instance, he were to testify against green in a separate trial. It really wouldn't be a statement against interest, and that is under the hearsay rules, an additional basis for credibility. If he were, you know, under an immunity agreement or had, as with long already been acquitted. It's really not against his interests. And that seems to be qualitatively different than his testimony against green in a joint trial. It may be your honor but I think that goes to whether green is more or less likely to be convicted in the second trial and that's not the injury that a reversal here would seek to address under the precedents. The likelihood of conviction is simply not the improper prejudice that this court would see. What about the. What about Murphy's testimony about the ongoing federal investigation and the green and wall. So your honor, the first instance that's certainly prejudicial in the first instance and that was stricken from the record that was not evidence that was admissible at the joint trial but inadmissible against green it was inadmissible at both trials, and the judge properly instructed the jury to disregard that he even tailored the closing charge in a way that matched what greens attorney asked him to do in order to remind them to disregard that improper testimony. One other point they may have had, Judge cigars may have answered this but at a point. The government told the jury that obviously both defendants theories cannot be true. Is that sounds like mutual antagonism to me. Your Honor, that was an argument that the government made because the argument, the government believed and wanted the jury to find that both men were guilty. And as the court instructed the jury, how do you get the benefit of that argument on both sides, you tried to win a trial and now you come back to say it. Well, your wasn't mutually antagonistic greens trial counsel did no different greens trial counsel acknowledge that Murphy testified the green pointed a gun at snow and then argued in closing that maybe it was Murphy that pointed the gun at snow. We don't know the argument the defenses were not. I was kidnapped too and there was no kidnapping, the argument was, I did not have the intent to kidnap anyone because I was coerced and you can't prove beyond a reasonable doubt that I had that I did these acts and I did them intentionally, and I don't the words, both theories cannot be true. Tell basically tell the jury chooses one. Your Honor, the government's argument is not this positive, because the government could have been wrong in that argument, and this court could find that the jury could have found that both Murphy lack the intent and the government failed to prove beyond a reasonable doubt that I was coerced to do and void said, I didn't do it. This is really no different than the void case and I understand that it's a conspiracy but it's still a joint criminal venture. Okay, thank you. Thank you. Rebuttal. Just two things. And less the court. Once we go anywhere else. The first one is that Judge Fisher, I believe that your memory is correct that the on, I think the government may have conflated two different other crimes evidences that came in at the green at the green Murphy joint trial at appendix page 269 the ongoing investigation of long and green does come in as evidence. There's no curative instruction at that point, and that's part of Murphy's testimony self serving testimony in the trial that I'm the good guy in the situation, the ATF were actually after long and green for other crimes that they committed that was not you did mention that a harmlessness analysis may are wondering how does that fold into any of this, I do think that the test this court is articulated the two part test abusive discretion at the time of that the motion was made during the record. And then what reasonable what trial developments are reasonably foreseeable. The second part of the test is the defendant must pinpoint clearance substantial prejudice, resulting in a manifestly unfair trial. I think that that prejudice test is, I think that a harmless error analysis would be subsumed by that prejudice test that that that prejudice test and harmless error are probably the same thing. And that if you conclude that Mr. Green has met part one and part two of the test, I think harmless error also falls away in green's favor. Unless it's your position that to establish to establish prejudice, mutually and ticket. Mutually antagonistic defenses is sufficient. We don't also look to whether it's harmless. That's correct and all of the evidence. That's correct, Your Honor, I believe that if you've already established that he met the two parts of the test that we lay out on the first page of our argument in the appellate brief. If he's met those two parts, I think, harmlessness. It plays no role in the analysis, the prejudice test for severance is, is just as onerous as the harmlessness test. And the only reason I asked is to judge to Gary's his point. It's not a very fulsome area of law for us in the Seventh Circuit has suggested that you still go on to consider the weight of the evidence. I understand and I respectfully would disagree with that if the court found that there was an abuse of discretion, and that it was prejudicial that the defendant has pinpointed clear and substantial prejudice. And I mean, a perfect barometer of that is what does a severed out trial look like one separate trial, the evidence comes in differently, one even says snow all had his gun back during the kidnapping. I think that that's a good barometer on what prejudice would look like. And I think that the prejudice test on up on the severance issue is either co terminus with harmlessness, or if it's been established then harmlessness is passing the harmless error test is also established to, you know, I'm concerned with the implications of a decision that favored your client here as to what it would mean in subsequent joint trials. I understand that. And so, if you had a pen, how would you shape an opinion that was narrow enough not to impact cases and I know you're both familiar with the Williams case that we decided about five years ago, like 12 co defendants, two month trial, a whole host of issues. Right. How would you shape an opinion that when the impact every, every multiple defendant case on the government stock and across the circuit. I think that there are two limiting principles, Judge Fisher you already identified one is that this was not a conspiracy charge it was discrete incident of kidnapping. And then I think the second limiting principle. I'll slow down I apologize. The second limiting principle would be that there was a factual proffer in blunt in Hall, and there's a factual proffer here that my client wants to testify affirmative evidence will come in. And that should be a limiting principle on granting or denying the severance motions, not just a hypothesis, hypothesizing what the evidence will look like but an actual proffer that a defendant a co defendant will testify and this is what the testimony will be. I apologize I see my time is we asked you questions. Okay, thank you counsel. Thank you. We thank counsel for their excellent briefing and argument today in this interesting case, we will take the case under advisement.